## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **JANE DOE-2,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No.:**  3:20-cv-02274-CMC |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **RICHLAND COUNTY SCHOOL** | ) | |
| **DISTRICT 2, JEFF TEMONEY,** | ) | |
| **SHERIFF OF RICHLAND COUNTY IN** | ) | |
| **HIS OFFICIAL CAPACITY D/B/A** | ) | |
| **RICHLAND COUNTY SHERIFF'S** | ) | **COMPLAINT** |
| **DEPARTMENT, SHERIFF LEON** | ) | |
| **LOTT, and CAPTAIN JOHN E.** | ) | **(Jury Trial Requested)** |
| **EWING,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**COMES NOW** the Plaintiff, Jane Doe-2, by and through her undersigned counsel, and hereby brings the following Complaint against Richland County School District 2, Jeff Temoney, Sheriff of Richland County Sheriff's Department in his Official Capacity d/b/a Richland County Sheriff's Department, Sheriff Leon Lott, and Captain John E. Ewing, and alleges as follows:

### PARTIES

1.      Plaintiff Jane Doe-2 is a citizen and resident of Richland County, South Carolina. At all times mentioned herein, Jane Doe-2 was a student enrolled at Spring Valley High School located within Richland County School District 2. During the events detailed herein, Jane Doe-2 was seventeen (17) years of age.  Plaintiff is currently under the age of 27 years old, and at all times mentioned herein was a minor pursuant to S.C. Code Ann. § 15-3-555 (2012).

2.      Plaintiff is filing this action by way of a pseudonym due to the sensitive nature of the subject matter of this action, which involves dozens of separate and distinct acts of criminal

sexual abuse, molestation, and sexual assault, all of which occurred while Plaintiff was a minor high school student at Spring Valley High School. South Carolina Code Ann. § 16-3-730 (2012) prohibits publication of the names of victims of criminal sexual conduct. Plaintiff's identity will be provided directly to counsel for the additional Defendants, and the use of a pseudonym is the subject of a separate motion filed simultaneously herewith.

3.     Defendant Richland County School District 2 is a political subdivision of the State of South Carolina, existing under the laws of the State of South Carolina (as defined by Section 15-78-10 of the <u>Code of Laws of South Carolina</u> (1985), as amended). At all times hereinafter mentioned in this Complaint, Defendant Richland County School District 2 operated and maintained Spring Valley High School, a public high school operating with the Richland County School District 2.  This Defendant acted and carried on its business by and through its agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

4.     Defendant Jeff Temoney is the principal of Spring Valley High School and an employee of Richland County School District 2.  For purposes of this action, Principal Temoney is being sued in his individual capacity under the color of state law. Additionally, during the time-period in question, Defendant Temoney was well-aware of Jane Doe-2's constitutional rights; including her right to due process, her right to the possession and control of her own person, her right to bodily integrity, her right to be free from any violations of her liberty interest, and her right to attend school in a non-hostile learning environment.

5.     Defendant Sheriff of Richland County in his Official Capacity d/b/a Richland County Sheriff's Department (hereinafter referred to as "Richland County Sheriff's Department") is a political subdivision of the State of South Carolina, existing under the laws of the State of

South Carolina (as defined by Section 15-78-10 of the <u>Code of Laws of South Carolina</u> (1985), as amended). At all times hereinafter mentioned in this Complaint, Defendant Richland County Sheriff's Department acted and carried on its business by and through its agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

6.      Upon information and belief, Sheriff Leon Lott is a resident of South Carolina and was acting as an agent, servant and/or employee of Richland County Sheriff's Department during the time-period in question. Specifically, at all times relevant hereto, Sheriff Lott was the supervising and commanding officer of former deputy Jamel Bradley and Captain John E. Ewing, and was responsible for their training, supervision, discipline, and conduct.  For purposes of this action, Sheriff Lott is being sued in his individual capacity under the color of state law. Additionally, during the time-period in question, Sheriff Lott was well-aware of Jane Doe-2's constitutional rights; including her right to due process, to the possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free from any violations of her liberty interest.

7.      Upon information and belief, Captain John E. Ewing, Jr. is a resident of South Carolina and was acting as an agent, servant and/or employee of Richland County Sheriff's Department during the time-period in question. Specifically, at all times relevant hereto, Captain Ewing was the supervising and commanding officer of former deputy Jamel Bradley, and was responsible for his training, supervision, discipline, and conduct.  For purposes of this action, Captain Ewing is being sued in his individual capacity under the color of state law. Additionally, during the time-period in question, Captain Ewing was well-aware of Jane Doe-2's constitutional rights; including her right to due process, to the possession and control of her own person, her

Fourteenth Amendment right to bodily integrity, and to be free from any violations of her liberty interest.

8.     The multiple occurrences which give rise to this case occurred when Plaintiff, a minor at the time, attended Spring Valley High School in the County of Richland, State of South Carolina.

## JURISDICTION AND VENUE

9.     This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the federal law claims arise under the constitution and statutes of the United States; and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

10.     Venue for this action properly lies in this district pursuant to 28 U.S.C. §1391 because the Defendants are considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

11.     At all times relevant hereto, Jane Doe-2 was a high school student at Spring Valley High School, a public high school operating within Richland County School District 2. Jane Doe-2 was seventeen (17) years of age during the time-period set forth in the Complaint.

12.     Throughout the course of her senior year at Spring Valley High School, Jane Doe-2 was sexually assaulted by Deputy Jamel Bradley, a school resource officer employed by Defendant Richland County Sheriff's Department and supervised by Richland County School District 2, on and off of the Spring Valley High School campus. The sexual assaults ranged from sexual advances to oral sex and sexual intercourse. Upon information and belief, each assault at

the hand of Deputy Bradley constitutes an independent and separate acts of negligence and gross negligence against the Defendants.

13.     As set forth below, the Defendants possessed actual and/or constructive knowledge that that Deputy Bradley had engaged in inappropriate relationships with minor female students, including Jane Doe-2, yet failed to take any appropriate remedial action to prevent Deputy Bradley's predatory conduct towards students, including but not limited to Jane Doe-2.  Further, all Defendants took affirmative deliberate acts to systematically conceal their actual knowledge of Deputy Bradley's history of predatory behavior from the Plaintiff, a minor at the time of the assaults pursuant to S.C. Code Ann. § 15-3-555 (2012), and her parents/natural guardians.

**Reports of Inappropriate Interactions with Minor Female High School Students**

14.     On November 9, 2011, Defendant Richland County Sheriff's Department opened the first Internal Affairs investigation into the actions of Deputy Bradley.  The complainant, a teacher and cheerleading coach with Richland County School District 2, informed the Richland County Sheriff's Department that it appeared Deputy Bradley was having an inappropriate interpersonal relationship with a 17-year-old cheerleader.  The complainant reported observing the student and Deputy Bradley flirting, and reported that they appeared to be communicating on their telephones with each other.  The complainant stated that it bothered her to such an extent that she confronted the student about the relationship with Deputy Bradley.  When confronted, the student told her coach that "the other officers know that he [Bradley] is mine," and that "it won't be long before she is eighteen."  It was later determined that Deputy Bradley had established personal contact with the minor student via Facebook.

15.     Despite glaring discrepancies between the statements subsequently taken of Deputy Bradley and the student regarding the nature of their communications, no further action was taken

as part of the investigation overseen and approved by Sheriff Lott and the Richland County Sheriff's Department, and the report of a potential sexual or romantic relationship with a minor was closed as "Unfounded" after a less than cursory review. The investigation also revealed two prior incidents of allegedly improperly conduct with female students by Deputy Bradley.

16.    According to subsequent testimony from the District-wide Title IX coordinator for Richland District 2 regarding this 2011 report of suspected sexual harassment, the Title IX coordinator at each school had been trained to promptly, thoroughly, and impartially conduct a full investigation upon receiving notice of such a report of possible sexual harassment. The Title IX coordinator further testified that the District is required to "do everything we can" to take steps to prevent future reoccurrences of conduct which amounts to harassment. Regrettably, the District did nothing to investigate this November 2011 report of potentially criminal sexual harassment of an underage student cheerleader by Deputy Bradley on school premises, or to prevent and track potential reoccurrences of this conduct by Deputy Bradley as required by Title IX. While the District-wide Title IX coordinator was specifically notified of the cheerleading coach's concerns about Deputy Bradley's inappropriate behavior, no Title IX investigation was ever undertaken.

17.    This knowing failure to conduct an investigation (when one was admittedly warranted) and to properly track this complaint of sexual harassment against Deputy Bradley allowed the District and its employees to deliberately and systematically conceal Bradley's predatory nature, and allowed the District to systematically conceal the fact that it had prior actual knowledge of Deputy Bradley's predatory nature.

18.    Further, the knowing failure to conduct a proper and full internal affairs investigation by Sheriff Lott and the Richland County Sheriff's Department allowed these

Defendants to deliberately and systematically conceal Deputy Bradley's predatory nature and to conceal their own knowledge of his predatory nature.

## 2015 and 2016 Reports of Interpersonal, Improper, and Unconstitutional Interactions with Jane Doe-2

19.    Further, the Plaintiff is informed and believes that Defendants possessed actual and/or constructive knowledge that Deputy Bradley was specifically engaged in an illegal and unconstitutional sexual relationship with Jane Doe-2.

20.    Specifically, on December 3, 2015 at approximately 10:30 p.m., two Richland County Sheriff's Department undercover narcotic agents were stationed in the Target parking lot, located at 10204 Two Notch Rd. in Columbia, SC.  They observed a young female pull into the empty parking lot and stop near the front corner. The agents reported that it appeared the female was either texting or calling someone on her cell phone.  A few moments later they witnessed a Richland County Sheriff's Department School Resource Officer vehicle enter the parking lot and drive toward the car with the female in it.  The Deputy motioned for the young female to follow him and they both drove to an area behind the department store. The undercover agents waited about two minutes and then drove around to the rear of the department store where they had observed the SRO and female go.  As they approached, the two vehicles quickly left the parking lot.  Concerned by what they had witnessed, the Richland County Sheriff's Department undercover agents ran the license plate through the DMV files and identified the driver as Jane Doe-2, then a senior at Spring Valley High School.

21.    The undercover agents immediately reported this incident to Captain John Ewing at around 11:00 pm. Based on what he described as the "sensitivity of this issue and the fact that very little people need to know about this," Captain Ewing skipped the Chain of Command and reported the incident directly to Sheriff Lott.  According to Captain Ewing, the sensitivity was

"[t]he fact that an officer is going behind a building at dark with a female, if that got out around the Richland County Sheriff's Department, everyone would be talking about it." Instead of reporting this incident to the Office of Internal Affairs or to SLED, Captain Ewing decided to conduct what he described as a "supervisory inquiry." During his deposition in a related matter, Captain Ewing clarified that this inquiry was not an "investigation." The goal of his "supervisory inquiry" was to interview the teenage student and Deputy Bradley to determine if their stories matched.

22.    The morning after the Target Incident, Captain Ewing met with Principal Temoney and Assistant Principal April Shell at Spring Valley High School. He informed them of the details of the incident and asked to interview the minor student. According to Ms. Shell, Captain Ewing specifically advised her that Jane Doe-2's parents *did not need be contacted.* This lapse in judgment of failing to involve a student's parents was later called into question by the Richland District Two district-wide Title IX coordinator, who testified that she would expect a minor's parents to be notified in this situation. Principal Temoney further testified that he would expect to be contacted if his child was found in similar circumstances, though he took zero action to contact Jane Doe-2's parents. It is undisputed that Jane Doe-2's parents were never contacted.

23.    Nonetheless, Jane Doe-2 was called to Ms. Shell's office for an "interview" by Captain Ewing. Ewing's stated purpose was to see if the two stories matched. According to Captain Ewing's subsequent memorandum, "[d]uring the entire conversation [Jane Doe-2] appeared to be nervous and upset." Jane Doe-2 later testified that the "interview" by Defendant Ewing was "awkward and scary." Deputy Bradley's account of the purpose of the meeting was notably inconsistent with the report of the minor student. Notwithstanding the fact that the inquiry did not meet its stated purpose (determining whether the statements of the two

individuals involved matched, which they did not), the "supervisory inquiry" ended that same day by 12:30 p.m. and resulted only in a "verbal reprimand."

24.     Defendant Ewing subsequently conceded that Deputy Bradley's conduct was "inappropriate" and displayed "bad judgement," but defended his conduct as a simple "mistake." According to Deputy Bradley's personnel file, this was the third official reprimand against him during the course of five years regarding perceived inappropriate relationships with female high school students.

25.     Upon information and belief, the report of the Richland County Sheriff's Department undercover agents should have been formally investigated by at least the Office of Internal Affairs, but more appropriately the South Carolina Law Enforcement Division. Moreoever, this type of investigation should never be conducted "in-house" by Deputy Bradley's subordinate supervisor, Defendant Ewing. According to proper police practices, this "investigation," which was in fact handled by Deputy Bradley's supervisor, Defendant Ewing, without the involvment of then-minor Jane Doe-2's parents, was far below acceptable investigory practices for a report of this nature. Additionally, the actions of the Richland County Sheriff's Department, more particularly Defendants Lott and Ewing, in keeping this investigation in-house, concealed, and essentially uninvestigated, demonstrated a reckless disregard for the rights of Jane Doe-2 who was being actively abused by Deputy Bradley.

26.     Despite knowledge of Deputy Bradley predatory tendencies, the Defendants made no recommendations that Deputy Bradley be removed from the SRO program. To the contrary, Principal Jeff Temoney provided exemplary performance reports for Deputy Bradley for the time period including the Target Report, of which he was specifically appraised. As set forth above, Deputy Bradley's predatory conduct was not investigated, he was not reassigned, he was not

terminated, and he thereafter continued to utilize his position as an SRO to form illegal sexual relationships with students of Spring Valley High School, including Jane Doe-2. This deliberate concealment by Defendants resulted in the Defendants' liability being concealed from Jane Doe-2 and her parents until such time as agents of the Defendant Richland County Sheriff's Department, including in-house counsel Joanna McDuffie, made repeated attempts to recruit Jane Doe-2 to testify on behalf of Deputy Bradley and the Sheriff's Department in related litigation by showing up repeatedly at the home of her parents and at her place of work. As a result of these contacts by agents of the Richland County Sheriff's Department and the subsequent receipt of a subpoena to testify by Richland County School District 2, Jane Doe-2 retained local counsel and thereafter learned of the misconduct of the Defendants in concealing their own knowledge of Bradley's inappropriately sexualized and unconstitutional behavior.

27.    Richland District 2 and Principal Temoney affirmatively chose not to take further action in total contravention of their duties under Title IX once the 2015 report was summarily and improperly dismissed by Deputy Bradley's supervisor. Though the District-wide Title IX coordinator for the 2015/2016 school year later testified that the commencement of a full and comprehensive Title IX investigation by the district is what was "should" have happened, nothing of the sort happened. According to April Shell, the Spring Valley High School Title IX Coordinator for the 2015/2016 school year, Deputy Bradley's conduct with Jane Doe-2 was not appropriate, and should have been thoroughly investigated. However, Shell also confirmed that Spring Valley performed *no Title IX investigation* of this report of possible sexual harassment of a criminal nature against one of its students by an SRO. The failure of Spring Valley staff to conduct a Title IX investigation was of apparent concern to the District-wide coordinator, Traci Batchelder, who testified that she "absolutely would" have taken steps to "bend over backwards

10

and do back flips to investigate," had the potential sexual abuse of Jane Doe-2 been reported to her. However, the District-wide coordinator was not informed, and no investigation was performed at the direction of Principal Temoney or any other Richland District 2 employee. These deliberate acts of secrecy and concealment allowed the abuse of Jane Doe-2 to continue, and further concealed the District's and Temoney's own liability and role in allowing the abuse to continue. Ultimately, agents of the Defendant Richland County Sheriff's Department, including in-house counsel Joanna McDuffie, made repeated attempts to recruit Jane Doe-2 to testify on behalf of Deputy Bradley and the Sheriff's Department in related litigation by showing up repeatedly at the home of her parents and at her place of work. As a result of these contacts by agents of the Richland County Sheriff's Department and the subsequent receipt of a subpoena to testify by Richland District 2, Jane Doe-2 retained local counsel and thereafter learned of the misconduct of the Defendants in concealing their own knowledge of Bradley's inappropriately sexualized and abusive behavior toward minor students.

28.    The knowing failure allowed Richland County School District 2 and Principal Temoney to deliberately and systematically conceal Bradley's predatory nature, and further allowed the Richland County School District 2 and Principal Temoney to systematically conceal the fact that it had prior actual knowledge of Bradley's predatory conduct toward Jane Doe-2.

29.    Further, the knowing failure to conduct a proper investigation by the Richland County Sheriff's Department, Sheriff Lott, and Captain Ewing allowed these Defendants to deliberately and systematically conceal Bradley's predatory nature, and allowed these Defendants to systematically conceal the fact that they had actual knowledge of Bradley's predatory conduct toward Jane Doe-2.

## 2016 Report of a Concerned Parent

30.    On May 23, 2016, approximately six months after the Target incident, another report was lodged against Deputy Bradley – this time a report that he was explicitly having a sexual relationship with a high school student at Spring Valley High School. The report was made by a concerned parent, whose daughter was close friends with Jane Doe-2.  Concerned Parent stated that her daughter had photographs that Deputy Bradley sent her friend as well as a recorded conversation between her daughter and her friend discussing the relationship with Deputy Bradley.  The Concerned Parent first met with Spring Valley High School Principal Jeff Temoney.  According to an email generated after the meeting, the Concerned Parent indicated that she was aware of other similar reports against Deputy Bradley which, according to her, were "covered up" and "brushed aside" by Richland County School District 2.  She further reported that Principal Temoney would "basically insinuate what he knew I wanted to hear to get me out of his office…. And then do nothing."  Concerned Parent recommended that "all your staff be trained on NOT having sexual relations with their students, I believe that it is an abuse of power and needs to be addressed immediately."  Thereafter, Concerned Parent took her concerns to the Richland County School District 2 superintendent, Dr. Debbie Hamm. Concerned Parent thereafter met with Assistant Superintendent Baron Davis.   Dr. Davis reported that the Concerned Parent was "initially hesitant about coming forward because she believed that the school district would cover it up."  She again confirmed her knowledge of an investigations into similar conduct against Deputy Bradley.

31.    Captain Ewing received this report, along with the referenced emails, from Richland County School District 2 on May 27, 2016. On May 31, 2016, the determination was made to open an investigation within the Richland County Sheriff's Department's Office of

Internal Affairs.  The investigation was closed as "Non-Sustained" approximately one week later on June 8, 2016. According the 1-page Investigative Summary, Deputy Bradley was interviewed and denied having a sexual relationship with a student.  According to the Internal Affairs investigatory file, this "investigation" consisted of the investigators asking Deputy Bradley seven (7) questions.

32.    After this Internal Investigation was closed, which did not clear or exonerate Deputy Bradley of wrongdoing, Defendant Ewing testified that he did not consider requiring Deputy Bradley to undergo any additional training. Additionally, Captain Ewing made no recommendation that Deputy Bradley be removed from the SRO program.

33.    As the above allegations indicate, by 2016 there was widespread knowledge, particularly with Deputy Bradley's supervisors, Sheriff Lott and Captain Ewing, that Deputy Bradley was continuing to exhibit predatory behavior toward female high school students at Spring Valley High School.  This behavior was improperly investigated and concealed, which led to Deputy Bradley continuing to prey on female students.

34.    Although the concerned parent brought her concerns directly to the principal of Spring Valley High School, a Richland District Two Administrator, and the Assistant Superintendent for Richland District Two, these individuals affirmatively chose ***not*** to turn the report over to either the Spring Valley Title IX coordinator or the District-wide Title IX coordinator in direct contravention of federal law.  The District-wide coordinator further testified that she would have investigated this report had it been properly brought to her attention.

35.    Richland District Two's Title IX policies require that the Title IX coordinator monitor incidents and "address any patterns or systematic problems that arise, including making school officials aware of these patterns or systematic problems as appropriate."  The District-

wide Title IX coordinator was not even informed of both reports concerning Jane Doe-2 in 2015 and 2016. This deliberate violation of policy resulted in the School District's liability being concealed from Jane Doe-2 until such time as agents of Defendant Richland County Sheriff's Department, including in-house counsel Joanna McDuffie, made repeated attempts to recruit Jane Doe-2 to testify on behalf of Deputy Bradley and the Sheriff's Department in related litigation by showing up repeatedly at the home of her parents and at her place of work. As a result of these contacts by an agents of the Richland County Sheriff's Department and the subsequent receipt of a subpoena to testify by Richland District 2, Jane Doe-2 retained local counsel and thereafter learned of the misconduct of the Defendants in concealing their own knowledge of Bradley's inappropriately sexualized and abusive behavior toward minor students.

36. Upon information and belief, Deputy Jamel Bradley was charged in May of 2020 with criminal sexual conduct with a minor based upon his assaults upon Jane Doe-2.

37. Upon information and belief, Defendants possessed actual knowledge of Deputy Bradley's inappropriate actions and/or propensity to harm minor female students on numerous separate occasions, including specific knowledge regarding Jane Doe-2, yet failed to take any action against Deputy Bradley, allowing him to continue to foster illegal and inappropriate sexualized relationships with minor female students, including the Plaintiff, under the guise of a school resource officer of the Richland County Sheriff's Department and Richland County School District 2.

38. Plaintiff is informed and believes that Deputy Bradley has been accused of illegal and inappropriately sexualized relationships with other minor students in connection with his employment as a school resource officer with the Richland County Sheriff's Department and Richland County School District 2. Moreover, Plaintiff is informed and believes that

14

Defendants, including Deputy Bradley's supervisors, Defendant Sheriff Leon Lott and Defendant Captain John E. Ewing, Jr., had actual knowledge of Deputy Bradley's inappropriate actions and/or propensity to harm minor female students, as other victims and concerned citizens had reported his conduct on numerous occasions starting shortly after beginning his employment as a school resource officer at Spring Valley High School.

39.   As a direct result of the above actions of the Defendants, Jane Doe-2 has been injured and damaged in that Plaintiff has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assaults, physical and psychological injuries; has endured and will endure mental anguish and emotional distress; and will incur medical bills in the future; and has been deprived of the enjoyment of her life.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SHERIFF'S DEPARTMENT
### (Negligence / Gross Negligence)

40.   The above set forth facts are made part of this First Cause of Action through incorporation by reference.

41.   Defendant Richland County Sheriff's Department was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing law enforcement officers, school resource officers, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

42.   The above incidents and Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of Defendant Richland County Sheriff's Department in the following particulars:

a. In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

b. In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

c. In hiring Deputy Bradley and allowing him to interact with children after his pre-employment polygraph indicated deceptive responses;

d. In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its police officers;

e. In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that members of the public are safe and protected from physical abuse and threatening behavior;

f. In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and prevent the same from occurring;

g. In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

h. In failing to exercise reasonable or slight care to take appropriate time to follow-up, review and/or check compliance with policy, state law and/or existing orders;

i. In failing to exercise reasonable or slight care to take steps necessary to remove, fire and/or terminate Deputy Bradley, when they had actual and/or constructive notice of his propensities to harm minor female students, including the Plaintiff;

j.   In failing to exercise reasonable or slight care to properly supervise Deputy Bradley;

k.   In failing to properly investigate multiple reports of illegal and inappropriate sexualized conduct made against Deputy Bradley;

l.   In only conducting "in house" investigations into the multiple reports made against Deputy Bradley, instead of consulting with an independent agency or legal authority;

m.  In failing to protect the Plaintiff and other students from Deputy Bradley, when they knew or should have known of his propensities;

n.   In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of its school resource officer when it had notice of its officer's propensities towards inappropriate and/or abusive behavior;

o.   In conducting itself in an egregious and arbitrary manner;

p.   In threatening, physically assaulting and/or abusing Plaintiff;

q.   In breaching its fiduciary duty of trust with regard to Plaintiff;

r.   In failing to follow and adhere to the local state and national standards, policies and procedures including the policies and procedures of the Richland County Sheriff's Department;

s.   In failing to follow and adhere to the policies and procedures of the Richland County Sheriff's Department regarding threatening behavior;

t.   In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the Richland County Sheriff's Department;

u.  In failing to sufficiently monitor and supervise employees of the Richland County Sheriff's Department;

v.  In failing to have the appropriate policies and procedures in place to provide adequate supervision;

w.  In failing to remedy the improper conduct and actions of its employees, including Deputy Bradley; and

x.  In failing to exercise even slight care to protect Plaintiff from harm.

43.  The injuries suffered by Plaintiff at the hands of Defendant Richland County Sheriff's Department caused and continues to cause her damages to include and not be limited to medical expenses, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

**FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS LOTT AND EWING**
**(Violation of Federal Civil 42 U.S.C. 1983- Supervisory Liability)**

44.  The above set forth facts are made part of this Second Cause of Action through incorporation by reference.

45.  During the time-period in question, Sheriff Lott and Captain Ewing were acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein as supervisors and commanding officers within the Richland County Sheriff's Department and had certain duties imposed upon him with regard to Plaintiff.  Additionally, during the time-period in question, Sheriff Lott and Captain Ewing were well-aware of Plaintiff's constitutional rights, including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment.

46.  Upon information and belief, Sheriff Lott and Captain Ewing possessed actual and/or constructive knowledge that Deputy Bradley was the subject of prior investigations

regarding reports of illegal and inappropriate sexualized relationships with minor students, had prior disciplinary actions taken against him, and was not qualified to safely serve as a school resource officer, and/or interact with minor female students, including the Plaintiff.

47.    Upon information and belief, Sheriff Lott and Captain Ewing possessed actual and/constructive knowledge of Deputy Bradley's inappropriate actions and communications towards Plaintiff, as well as other minor students, yet took no action to terminate him or prevent his continued interaction with minor female students of Spring Valley High School.

48.    Sheriff Lott and Captain Ewing, as Deputy Bradley's supervising and commanding officers, possessed the power to prevent the actions of Deputy Bradley.  Despite Sheriff Lott and Captain Ewing's knowledge that Deputy Bradley's actions violated Plaintiff's constitutional rights, including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment, Plaintiff alleges Sheriff Lott and Captain Ewing authorized Deputy Bradley's actions by consciously and intentionally failing to act or intervene.

49.    All of the above-referenced failures are the responsibility of Sheriff Lott and Captain Ewing who were deliberately indifferent to their responsibility to train, supervise, and discipline the school resource officers of the Richland County School District, including Deputy Bradley, who interacted daily with the public and more specifically, minor female students at Spring Valley High School.

50.    Defendant Sheriff Lott and Captain Ewing's response to Bradley's widespread, outrageous, unreasonable, and constitutionally injurious (and/or constitutionally dangerous) acts and misconduct were so lacking and insufficient as to demonstrate deliberate apathy or

conscience and deliberate indifference towards and/or implicit approval or tolerance of Bradley's conduct.

51.     As the direct and proximate result of the above-mentioned unconstitutional actions of Defendant Sheriff Lott and Captain Ewing, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assaults, physical and psychological injury; has endured and will endure mental anguish and emotional distress; may incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs and reasonable attorney fees.

## FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SCHOOL DISTRICT 2
### (Negligence / Gross Negligence)

52.     The above set forth facts are made part of this Third Cause of Action through incorporation by reference.

53.     Defendant Richland County School District 2 was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing teachers, administrators, school resource officers, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

54.     The above incidents and Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of Defendant Richland County School District 2 in the following particulars:

      a.     In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

b. In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

c. In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its school resource officers;

d. In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that members of the public are safe and protected from physical abuse and threatening behavior;

e. In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and/or school resource officers and prevent the same from occurring;

f. In failing to exercise reasonable or slight care to make periodic and proper investigations, including Title IX Investigations, and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

g. In failing to exercise reasonable or slight care to take appropriate time to follow-up, review and/or check compliance with policy, state law and/or existing orders;

h. In failing to exercise reasonable or slight care to take steps necessary to remove, fire and/or terminate the services of staff and/or personnel, including Deputy Bradley, when it had actual and/or constructive notice of his propensities;

i. In failing to exercise reasonable or slight care to properly supervise Deputy Bradley;

j.  In failing to protect the Plaintiff and other students from Deputy Bradley, when they knew or should have known of his propensities;

k.  In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of its school resource officer when it had notice of his propensities of illegal and inappropriate sexualized relationships with minor students;

l.  In conducting itself in an egregious and arbitrary manner;

m.  In breaching its fiduciary duty of trust with regard to Plaintiff;

n.  In failing to follow and adhere to the local state and national standards and laws regarding the reporting of complaints of sexual assaults against minors;

o.  In failing to report inappropriate, abusive behavior to the appropriate legal authorities;

p.  In failing to follow and adhere to the policies and procedures of the Richland County School District;

q.  In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the Richland County Sheriff's Department;

r.  In failing to sufficiently monitor and supervise employees of the Richland County School District;

s.  In creating a campus environment which subjected Plaintiff to being sexually harassed and/or abused by Deputy Bradley;

t.  In failing to have the appropriate policies and procedures in place to provide adequate supervision;

u.  In abdicating its responsibility to provide a safe, non-hostile school environment;

v.  In failing to remedy the improper conduct and actions of its employees; and

w.  In failing to exercise even slight care to protect Plaintiff from harm.

55.    The injuries suffered by Plaintiff at the hands of Defendant Richland County School District 2 caused and continues to cause her damages to include and not be limited to medical expenses, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

**FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SCHOOL DISTRICT 2**
**(Violation of Title IX and Education Amendments of 1972)**

56.    The above set forth facts are made part of this Fourth Cause of Action through incorporation by reference.

57.    Defendant Richland County School District 2 was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing teachers, administrators, school resource officers, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

58.    Title IX of the Education Amendments of 1972 applies to an entire school or institution if any part of that school receives federal funds.  Upon information and belief, Title IX applies to Richland County School District 2 as it receives a wide variety of federal funding and grants.

59.    Both the Department of Education and the Department of Justice have promulgated regulations under Title IX that require a school to "adopt and publish grievance procedures providing for the *prompt and equitable resolution* of student... complaints alleging any action which would be prohibited by" Title IX or regulations thereunder. 34 C.F.R. § 106.8(b).

60.    Upon information and belief, the sexual harassment and sexual assaults by Deputy Bradley violated Title IX of the Education Amendments of 1972 [Title IX], codified at 20 U.S.C. §§ 1681 et seq. and Title 34 Code of Federal Regulations Part 106.

61.    The essential purpose of Title IX is to eliminate discrimination on the basis of sex in any educational program or activity receiving Federal financial assistance.  20 U.S.C. § 1681; 34 C.F.R. § 106.1.

62.    Upon information and belief, Title IX bestows a remedial and affirmative action requirement on institutes of education to take such remedial action as necessary to overcome the effects of such discrimination.  34 C.F.R. § 106.3(a).  Therefore, Title IX's essential purpose to eliminate sex discrimination by definition seeks to protect other individuals from the possibility of sex discrimination.  As eliminating known sexual discrimination, whether it be in the form of harassment or abuse, prevents the future sexual harassment of other individuals.

63.    Title IX requires schools to designate at least one employee to coordinate compliance with the regulations implementing Title IX.  Upon information and belief, despite multiple reports to the administrators at Spring Valley High School regarding Deputy Bradley's predatory behavior towards Jane Doe-2, the reports were actively concealed instead of being investigated by the Title IX compliance officer.  Additionally, the Plaintiff is informed and believes that there were previous reports of illegal and inappropriate sexualized relationships by Deputy Bradley which were not investigated by Richland County School District 2, thereby allowing him to continue to abuse minor female students, including Plaintiff, under the guise of a school resource officer of the Richland County Sheriff's Department and Richland County School District 2.

64.    Title IX requires if a school district knows, or even reasonably should have known, of sexual harassment or sexual assault, the school is responsible for taking immediate effective action to eliminate the hostile environment and prevent its recurrence. Upon information and belief, as a result of the sexual assaults being concealed instead of properly investigated, Deputy Bradley remained as a school resource officer at Spring Valley High School thereby subjecting Jane Doe-2 to a hostile learning environment which included her being sexually assaulted on nearly a daily basis while attending school.

65.    As the direct and proximate result of the above-mentioned unconstitutional actions of Defendant Richland County School District 2, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has endured a hostile learning environment; may incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL and CONSEQUENTIAL DAMAGES, as well as costs and reasonable attorneys' fees.

## FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS RICHLAND COUNTY SHERIFF'S DEPARTMENT AND RICHLAND COUNTY SCHOOL DISTRICT 2
### (Negligent Hiring, Supervision, and Retention)

66.    The above set forth facts are made part of this Fifth Cause of Action through incorporation by reference.

67.    Defendants Richland County Sheriff's Department and Richland County School District 2 had a duty to use reasonable care to select an employee, agent, and/or school resource officer who was competent and fit to perform the duties required as an employee.  Defendants owed such a duty to Plaintiff and such duty was breached.

68.     Defendants knew or should have known that Deputy Bradley was deceptive and untruthful during his pre-employment screening, disqualifying him to serve as a law enforcement officer with the Richland County Sheriff's Department without further investigation.

69.     Defendants knew that Deputy Bradley's position as a school resource officer at Spring Valley High School placed him in constant contact with Plaintiff and other minor students.

70.     Defendants knew, or should have known, that Deputy Bradley was sexually assaulting Plaintiff.  Additionally, Defendants knew, or should have known, that Deputy Bradley was the subject of prior investigations regarding reports of illegal and inappropriate sexualized relationships with minor students, had prior disciplinary actions taken against him, and was not qualified to safely serve as a school resource officer, and/or interact with minor female students, including the Plaintiff.

71.     Defendants Richland County Sheriff's Department and Richland County School District 2 failed to take the steps necessary to remove, fire, and/or terminate the services of Deputy Bradley, when they had actual and/or constructive notice of Deputy Bradley's actions and propensities.

72.     Defendants Richland County Sheriff's Department and Richland County School District 2 failed to provide Plaintiff with proper protection from abuse (physical, sexual, and mental) at the hands of its employees, agents, and/or school resource officers when it had notice of Deputy Bradley's propensities toward inappropriate and/or abusive behavior.

73.     The injuries suffered by Plaintiff at the hands of Defendants Richland County Sheriff's Department and Richland County School District 2 caused and continues to cause her damages to include and not be limited to medical expenses, permanent impairment, mental

anguish, and pain and suffering. Therefore, Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

### FOR A SIXTH CAUSE OF ACTION AGAINST JEFF TEMONEY
**(Violation of Federal Civil 42 U.S.C. 1983- Supervisory Liability)**

74.    The above set forth facts are made part of this Sixth Cause of Action through incorporation by reference.

75.    During the time-period in question, Principal Temoney was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein as the principal of Spring Valley High School.  Additionally, during the time-period in question, Principal Temoney was well-aware of Plaintiff's constitutional rights, including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment.

76.    Upon information and belief, Principal Temoney possessed actual and/or constructive knowledge that the school resource officer within his school was the subject of prior investigations regarding reports of illegal and inappropriate sexualized relationships with minor students, including the Plaintiff, had prior disciplinary actions taken against him, and was not qualified to safely serve as a school resource officer, and/or interact with minor female students, including the Plaintiff.

77.    Upon information and belief, Principal Temoney possessed actual and/constructive knowledge of Deputy Bradley's inappropriate actions and communications towards Plaintiff, as well as other minor students, yet took no action to terminate him or prevent his continued interaction with minor female students of Spring Valley High School.

78.    Principal Temoney, as the principal of Spring Valley High School with the power to remove school resource officers from his school, possessed the power to prevent the actions

of Deputy Bradley. Despite Principal Temoney's knowledge that Deputy Bradley's actions violated Plaintiff's constitutional rights, including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment, Plaintiff alleges Principal Temoney authorized Deputy Bradley's actions by consciously and intentionally failing to act or intervene.

79.    All of the above-referenced failures are the responsibility of Principal Temoney who was deliberately indifferent to his responsibility to supervise, and request reassignment of predatory and or unfit school resource officers within Spring Valley.

80.    Defendant Principal Temoney's response to Bradley's widespread, outrageous, unreasonable, and constitutionally injurious (and/or constitutionally dangerous) acts and misconduct were so lacking and insufficient as to demonstrate deliberate apathy or conscience and deliberate indifference towards and/or implicit approval or tolerance of Bradley's conduct.

81.    As the direct and proximate result of the above-mentioned unconstitutional actions of Defendant Principal Temoney, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assaults, physical and psychological injury; has endured and will endure mental anguish and emotional distress; may incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs and reasonable attorney fees.

WHEREFORE, Plaintiff prays for judgment against the Defendants both jointly and in combination thereof for ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES, costs and reasonable attorney fees.  Plaintiff submits that each and every sexual assault presented different

injuries and damages which contributed to the overall injuries Plaintiff suffered, as described above. Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the <u>Constitution of the United States of America</u>.

Respectfully Submitted,

*s/ Scott C. Evans*
Scott C. Evans, Federal ID #10874
James B. Moore III, Federal ID #10844
Evans Moore, LLC
121 Screven Street
Georgetown, SC 29440
Office: (843) 995-5000
Facsimile: (843) 527-4128
james@evansmoorelaw.com
scott@evansmoorelaw.com

Daniel C. Boles, Federal ID #12144
23 Broad Street
3870 Leeds Avenue | Ste. 104
Post Office Box 381
Charleston, SC 29402
Office: 843-576-5775
Facsimile: 800.878.5443
dan@boleslawfirmllc.com

Attorneys for the Plaintiff

June 16, 2020
Georgetown, South Carolina