IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jane Doe-2,<br><br>    Plaintiff,<br>vs.<br><br>Richland County School District 2, Jeff Temoney, Sheriff of Richland County in his official capacity d/b/a Richland County Sheriff's Department, Sheriff Leon Lott, and Captain John E. Ewing,<br><br>    Defendants. | Civil Action No. 3:20-cv-02274-CMC<br><br>**Order Granting Plaintiff's<br>Motion to Proceed Anonymously<br>(ECF No. 8)** |

  Plaintiff Jane Doe-2 ("Plaintiff") has filed a motion to proceed anonymously. ECF No. 8. Defendants Richland County School District 2 and Jeff Temoney filed a response noting they do not object to Plaintiff being referred to by pseudonym in the public filings in the case, but request the ability to seek discovery under her given name. ECF No. 17. They also argue Plaintiff should not be known as "Jane Doe-2," but simply Jane Doe, as the previous Jane Doe case with similar allegations has concluded. *Id.* at 3. Defendants Sheriff of Richland County in his official capacity d/b/a Richland County Sheriff's Department, Sheriff Leon Lott, and Captain John E. Ewing also responded with the same arguments: they do not object to Plaintiff proceeding anonymously, but request to use her given name in discovery as needed, and that she use a variant other than "Jane Doe-2." ECF No. 19. Plaintiff filed the same response in reply to both responses, agreeing Defendants should be permitted to use her true name during investigation of this case, outside depositions. ECF Nos. 20, 21. However, she argues use of the numeral "-2" after Jane Doe is the "least misleading and most efficient manner for her to be identified during discovery," as many

witnesses and parties in this action are the same as the previous action, where the minor plaintiff was identified as "Jane Doe." *Id.* at 1-2.

After analysis of the factors in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), the court finds the balance of the following factors weighs in favor of granting the motion: "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." Specifically, Jane Doe-2's claims are "in a matter of a sensitive and highly personal nature," and proceeding anonymously would allow her to preserve her privacy – the request is not merely to avoid annoyance and criticism. *Id.* Additionally, identification does pose a risk for retaliation; due to the nature of the allegations, disclosure of her identity would be undesirable, even though she is over the age of legal majority currently (she was a minor at the time of the alleged acts against her). Defendants include a governmental entity and a private party, but the risk of unfairness to the opposing parties is slight as Plaintiff agrees Defendants will be allowed to utilize her true name in discovery other than depositions.

Further, the court agrees with Plaintiff the least confusing anonymous identifier for Plaintiff is Jane Doe-2. Although Defendants School District and Temoney are correct the previous Jane Doe case has concluded, many witnesses will be the same in this case and there may

2

be confusion in depositions if both plaintiffs were referred to as Jane Doe. A different unique identifier, such as Janie Doe or Jane Roe, would be preferable to simply repeating the use of Jane Doe; however, the court believes similar confusion could persist in depositions, as these other proposed identifiers do not greatly differ from Jane Doe. Jane Doe-2, on the other hand, is clearly and easily distinguishable. Although Defendants argue this will lead to confusion because Plaintiff's claims precede in time Jane Doe's in the previous litigation, the court agrees with Plaintiff this specific confusion can be alleviated more easily than others, as in the similar cases cited in Plaintiff's Reply (ECF Nos. 20, 21 at 2).

Accordingly, the court grants the motion, and Jane Doe-2 will be allowed to proceed anonymously and under that pseudonym.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 3, 2020

3